# Wheatley's Administrator v. Knights of Columbus.

(Decided December 1, 1914.)

## Appeal from Marion Circuit Court.

Insurance—Mutual Benefit Insurance—Forfeiture or Suspension. —The financial secretary of the subordinate council of a fraternal benefit society accepted payment of assessments from a member whose membership had been forfeited for non-payment of assessments. The constitution of the society, which was a component part of the insurance contract, provided that failure to pay assessments when due should result in an ipso facto forfeiture of membership; and reinstatement could be had only upon application approved by the supreme board of directors. The constitution further prohibited the local financial secretary from receiving payment of assessments from one whose membership had been forfeited. Held, the receipt of such payment by the financial secretary was not a waiver of the forfeiture upon behalf of the society.

BEN SPALDING and S. A. RUSSELL for appellant.

H. W. RIVES for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

The Knights of Columbus is a fraternal organization comprised of local or subordinate councils under the supervision and control of a Supreme Council. Its insurance members pay assessments, in consideration of which their lives are insured.

On November 18, 1906, R. E. Wheatley became an insurance member of the organization, and a benefit certificate was issued to him in the sum of one thousand dollars. He died on February 22, 1913. Mary L. Wheatley, his wife, was the nominated beneficiary under the benefit certificate. She survived her husband but a few days, and died intestate. The administrator of her estate made proof of the death of R. E. Wheatley, and presented claim to the insurance society for the amount of the benefit certificate; and payment thereof being refused, he instituted this action in the Marion Circuit Court to recover thereon. The defendant answered, and plaintiff filed a reply. Defendant's demurrer to this reply was sustained by the court, and plaintiff declining to plead further, the petition was dismissed. Plaintiff appeals.

1.  The benefit certificate issued to Wheatley was conditioned upon a compliance with the constitution, laws and regulations of the society; and it was alleged in the answer that Section 88 of the constitution provides that each insurance member shall pay to the financial secretary of the subordinate council with which he is affiliated, within thirty days from the first day of each month, a regular monthly assessment; that by Section 168 of the constitution it was further provided that any insurance member who should fail, neglect or refuse to pay such regular monthly assessment, should *ipso facto* forfeit his membership in the society; that by Sections 217 and 222 of the constitution it was further provided that no insurance member, whose membership had been forfeited for non-payment of assessments, could be reinstated to membership except upon application for reinstatement accompanied by a certificate signed by the applicant stating that he is in sound physical condition and good health, which application must be approved by the Supreme Board of Directors; and that by Section 88 of the constitution the financial secretary of a subordinate council was forbidden to receive payment of assessments from a member whose membership had been *ipso facto* forfeited for non-payment of assessments.

It was further alleged that for eight consecutive months immediately prior to his death Wheatley had continuously failed, neglected and refused to pay any of the regular monthly assessments made against him; that his membership in the society had *ipso facto* forfeited; and he had not applied for reinstatement to membership in the society.

Plaintiff, by way of a plea in avoidance, alleged in the reply that Wheatley, on February 21, 1913, the day before his death, paid to the financial secretary of the subordinate council with which he was affiliated the sum of $14.67, in full payment of all the society's demands against him up to April 1, 1913, and that said financial secretary accepted said payment, and issued to Wheatley a certificate reciting that Wheatley was an insurance member of the society in good standing.

This plea was insufficient. The receipt of assessments by the financial secretary from Wheatley after *ipso facto* forfeiture of his membership for non-payment thereof, being forbidden by the constitution of the society, which was a component part of the insurance con-

tract, does not constitute a waiver of the forfeiture. National Council J. O. U. A. M. v. Thompson, 153 Ky., 636, 156 S. W., 132, 45 L. R. A. (N. S.), 1148.

The trial court, therefore, properly sustained the demurrer to the reply.

Judgment affirmed.